There would seem to be no reason in holding that the proof of a claim in bankruptcy is an election which debars the creditor from afterwards pursuing the debtor for the same claim, unless it be one dischargeable in bankruptcy. The claim being provable in bankruptcy, there is no inconsistency in permitting the creditor to prove it, and share in the distribution, and subsequently adopt other remedies for collecting the balance of the claim.

These views lead to an affirmance of the determination of the appellate term, with costs.

HATCH, McLAUGHLIN, and O'BRIEN, JJ., concur.

VAN BRUNT, P. J. I dissent. I am of the opinion that the proving of the claim in bankruptcy was an election.

---

(37 Misc. Rep. 221.)

### GLEIFORST v. WORKINGMEN'S SICK & DEATH BEN. FUND OF UNITED STATES OF AMERICA.

(Supreme Court, Special Term, New York County. February, 1902.)

1. BENEFICIAL ASSOCIATION—EXPULSION OF MEMBER.

A member of a benefit society who, just before an election therein, distributed circulars criticising the officers of the society, and proposing an opposite ticket, cannot be legally expelled therefor, where the constitution of the society authorizes no such action.

2. SAME.

A pledge in a ritual of a benefit society that a member will not bring charges against the society, its officers and members, in any public manner, before exhausting the means of redress given by the constitution of the society, is not violated by a distribution among the members, just before an election, of circulars criticising the officers of the society.

Action by August Gleiforst against the Workingmen's Sick & Death Benefit Fund of the United States of America for reinstatement. Judgment for plaintiff.

Benjamin Patterson, for plaintiff.
Hillquit & Hillquit, for defendant.

STECKLER, J. The plaintiff, a member in good standing of the defendant society, was, in or about the month of May, 1900, expelled therefrom for distributing a circular among its members containing statements directed against the then officers of the society. The constitution of the defendant (article 7) provides for the expulsion of members upon certain grounds thereafter enumerated, and the cause assigned for expelling the plaintiff is neither expressly nor impliedly within those grounds. The defendant claims, however, that as by its ritual the plaintiff pledged himself not to bring charges against the society, its officers and members, through the public press or in any other public manner before exhausting the means of redress given by the constitution, his action in distributing the circular was a violation of his pledge, for which violation the defendant had the inherent right to expel the plaintiff. I think that such inherent right could not be exercised in this case. From the fact that

the plaintiff distributed the circular in question among members of the society it does not necessarily follow that he thereby brought charges against the officers of the society through the public press, or in any other public manner; for the members of the society have a particular interest in the conduct of its affairs, and that interest would seem to be a private one, as distinguished from the interest of the public in general. It has been held that the mere fact of defamation of members of such a society by a fellow member is no cause for expulsion. Allnutt v. High Court, 62 Mich. 113, 28 N. W. 802; and see 1 Bac. Ben. Soc. (New Ed.) § 103. The circular distributed was a species of "campaign" document, probably couched in the exaggerated language of such literature, in which the national officers of the defendant are severely criticised, and an opposition ticket, on which the plaintiff's name appears, is presented. In People v. Uptown Ass'n, 9 App. Div. 193, 41 N. Y. Supp. 154, the court said:

"We think that the relator had the clearest and most undeniable right to appeal to his fellow members, either to alter the by-laws or to change the personnel of the board of directors; that for this purpose he had the right to state any material fact, and to fairly criticise any action of the governing authorities of the club. It may be unfortunate that there should be difference of opinion or disputes in club management, but dissension is a hazard to which all associate action is liable, and clubs, no more than other organizations, can expect to be exempt from this hazard."

To sustain the expulsion would tend to stifle fair criticism of the acts of officers of such corporations and endanger their welfare. There must be judgment for plaintiff, with costs.

Judgment for plaintiff, with costs.